IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 1:21-2074-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Probate Judge of Barnwell County Myrna Still-Dill, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Eric Alan Sanders, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes this case should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Factual and Procedural Background**

Plaintiff brings this case against South Carolina Probate Judge Myrna Dill,[1] claiming she violated Plaintiff's rights during probate court. Plaintiff claims Judge Dill violated his rights under the First, Second, Fourth, and Fifth Amendments and right to habeas corpus by falsely claiming that Plaintiff threatened her, ordering that Plaintiff be involuntarily committed, and refusing to provide Plaintiff with access to his late mother's bank information. Plaintiff seeks damages and multiple forms of equitable relief against the state probate court, including to bar Judge Dill from participating in any proceedings concerning Plaintiff, to direct the probate court to give Plaintiff a

---

[1] The Clerk of Court is directed to correct the name of the parties on the docket to reflect that Plaintiff named only one defendant, as shown in the caption here.

Page 1 of 6

hearing to determine his right to own a gun, to provide Plaintiff with a transcript of the probate proceedings, to direct the probate court to apply a clear and convincing evidence standard to certain orders, and to comply with state law for involuntary commitments.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs.,

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

However, Judge Dill is shielded from Plaintiff's claims for damages by judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (providing that judges are entitled to absolute immunity from suit, not just the ultimate assessment of damages, for judicial actions taken within their jurisdiction); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Plaintiff's claims against Judge Dill in her personal capacity should be dismissed with prejudice. See Smith v. Swanson, C/A No. 9:18-251-RMG, 2018 WL 1225110, at *1 (D.S.C. Mar. 7, 2018) (stating that dismissal of claims based on absolute immunity is with prejudice) (citing

Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999)); see, e.g., Brown v. Daniel, 230 F.3d 1351 at *4-5 (4th Cir. 2000) (Table).

As to Plaintiff's claims for equitable relief against the South Carolina Probate Court, the court cannot equitably interfere with an ongoing state judicial proceeding except in narrow circumstances that are not present here. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); Lynch v. Snepp, 472 F.2d 769, 775 (4th Cir. 1973) (discussing, as an exception to 28 U.S.C. § 2283, the limited circumstances justifying federal court interference in state civil proceedings); see also In re Payne, 305 F. App'x 65, 66 (4th Cir. 2008) ("This court does not have jurisdiction to grant mandamus relief against state officials, or to review state court orders.") (citations omitted). Similarly, to the extent Plaintiff asks this court to reverse findings or judgments of the South Carolina Probate Court, the court lacks jurisdiction to grant such relief. See generally Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("Under the Rooker–Feldman doctrine, lower federal courts may not consider either issues actually presented to and decided by a state court or constitutional claims that are inextricably intertwined with questions ruled upon by a state court.") (internal citations and quotations omitted); see also Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) ("Under the Rooker–Feldman doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court. We regard the doctrine as jurisdictional."). Therefore, Plaintiff fails to state a claim for equitable relief upon which relief can be granted.

## III. Conclusion

Accordingly, the court recommends that this case be summarily dismissed without issuance and service of process.

July 30, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).