IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Eric Alan Sanders,<br><br>    Plaintiff,<br><br>v.<br><br>Probate Judge of Barnwell County Myrna Still-Dill,<br><br>    Defendant. | C/A: 1:21-cv-2074-SAL<br><br><br>**ORDER** |

This matter is before the court for review of the July 30, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 15.]

In the Report, the Magistrate Judge opines that Plaintiff's complaint fails to state a claim upon which relief can be granted because Defendant Judge Dill has absolute immunity from Plaintiff's claims arising out of her judicial actions and the court lacks jurisdiction over Plaintiff's claims against the South Carolina Probate Court. *Id.* at 3–4. As a result, the Magistrate Judge recommends that the district court dismiss the claims against Judge Dill in her personal capacity with prejudice. *See id*. at 3 (citing *Smith v. Swanson*, No. 9:18-cv-251, 2018 WL 1225110, at *1 (D.S.C. Mar. 7, 2018) ("Claims against absolutely immune defendants are properly dismissed with prejudice.")). And the Magistrate Judge recommends that the district court summarily dismiss this case without prejudice and without issuance and service of process. *Id.* at 5. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. Instead of filing objections to the Report, Plaintiff filed a proposed amended complaint. *See* [ECF No. 18.]

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

In the absence of Plaintiff's objections, this court reviews the Report only for clear error and finds none. Although Plaintiff attempted to file an amended complaint in lieu of objections, he did so after the time had expired to amend his pleading as a matter of course. *See* Fed. R. Civ. P. 15(a)(2). And a review of Plaintiff's proposed amended complaint reveals that granting leave to file would be futile because his amended complaint contains the same defects that the Report identified in his original complaint. *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." (internal quotation marks omitted)). The amended complaint again raises claims against Judge Dill arising out her judicial actions, which are barred by her judicial immunity. *See* [ECF No. 18 at 4–5; ECF No. 15 at 3–4.] And Plaintiff seeks the same equitable relief against the South Carolina Probate Court that he set forth in his original complaint, which this court lacks jurisdiction to grant. *See* [ECF No. 18 at 5; ECF No. 15 at 4.]

Accordingly, after a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 15, and incorporates the Report by reference herein. As a result, Plaintiff's claims against Judge Dill are dismissed with prejudice and this case is summarily **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

March 7, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge